UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRO PERFORMANCE, INC. and<br>MARK PINZUR | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:06CV138 WWE |
| v. | : | |
| EDWARD VIERLING, AMIR AFSHAR, and<br>GLOBAL EVENT GROUP, LLC | : | |
| Defendants | : | JANUARY 26, 2006 |

## VERIFIED COMPLAINT

1.  This is an action for false designation of origin, false or misleading description of fact, false or misleading representation of fact, trademark infringement, and unfair competition pursuant to § 43(a) of the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); and for pendent state law claims for unfair trade practices under Conn. Gen. Stat. § 42-110(a) *et seq.*, and common law tortious interference with contractual relations and business expectancies.

**PARTIES**

2.  Plaintiff, Pro Performance, Inc. ("PPI") is a Corporation organized under the laws of the State of Connecticut with an office and principal place of business at 1200 High Ridge Road, 2nd Floor, Stamford, Connecticut.

3.  Plaintiff, Mark Pinzur ("Pinzur") is an individual with a principal residence at 56 Carriage Hill Road, Brewster, New York. Pinzur is the founder, president and sole shareholder of PPI.

CPM/33029/5/755685v2
01/25/06-HRT/

4. Defendant, Global Event Group, LLC ("Global Event") is a Limited Liability Company organized under the laws of the State of Connecticut with an office and principal place of business at 1500 Summer Street, 2nd Floor, Stamford, Connecticut.

5. Defendant, Edward Vierling ("Vierling") is an individual with a principal residence at 4 Phillips Lane, Darien, Connecticut. On information and belief, Vierling is a member and employee of Global Event.

6. Defendant, Amir Afshar ("Afshar") is an individual with a principal residence at 143 Hoyt Street, Stamford, Connecticut. On information and belief, Afshar is a member and employee of Global Event.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has a basis for personal jurisdiction over each of the defendants inasmuch as they are doing business in this District and/or reside in this District.

9. Venue is proper in this District pursuant to §§ 1391(a) and (b) inasmuch as the Defendants are conducting business in this District and because the claims upon which this action is based arise in this District.

## HISTORY OF PINZUR, PPI, AND THEIR TRADEMARKS

10. PPI is a ticket and corporate hospitality company, engaged in the business of purchasing, packaging, and reselling tickets for major concerts, theatre, sporting and other entertainment events. PPI also combines tickets with restaurant reservations, travel and hotel

2

accommodations and resells them as "Ticket Packages." In addition to procuring tickets for its customers, PPI specializes in providing information about events, including location, venue, seating charts, and reviews. PPI sells Ticket Packages throughout the United States and internationally.

11. Pinzur coined the tradename "Pro Performance" more than ten years ago. He has used the "Pro Performance" name exclusively and continuously in his business endeavors since that time. The name "Pro Performance" has become famous and widely recognized by consumers within the United States, including within the State of Connecticut, as synonymous with a dependable and reliable source for tickets and corporate hospitality associated with high quality, high profile entertainment events. Pinzur registered the "Pro Performance" trademark with the United States Patent and Trademark Office on or about September 24, 2001.

12. Since its inception in 2001, PPI has continuously used the "Pro Performance" trademark with Pinzur's permission. During this time, PPI has developed a strong reputation in the ticket industry as being a reliable and dependable provider of ticket and corporate hospitality goods and services.

13. On or about December 3, 1996, Pinzur registered the domain name "properformance.com." Since that time, Pinzur has maintained a website located at URL: http://www.properformance.com (the "Pro Performance Website") to advertise and sell his goods and services online under the Pro Performance trademark. PPI has continuously used the Pro Performance Website with Pinzur's permission since the inception of PPI in 2001.

14. Sometime in 2000, Pinzur developed and began using the slogan, "Get Closer To The Action." This slogan has become famous, and is widely recognized by consumers

3

within the United States, including within the State of Connecticut, as a symbol of quality and service in the ticket and corporate hospitality industry. The slogan "Get Closer To The Action" has become synonymous with the Pro Performance mark. PPI has continuously used the slogan "Get Closer To The Action" with Pinzur's permission since the inception of PPI in 2001.

15. Pinzur and PPI have enhanced their reputation, and the goodwill associated with the name "Pro Performance", through various advertising devices that display the "Pro Performance" mark, the website address, and the mark "Get Closer To The Action". These marketing tools have been effectively used by Pinzur and PPI to attain and sustain success in the ticket and corporate hospitality industry and to maintain an advantage over their competitors.

## PINZUR'S FORMER ASSOCIATION WITH THE DEFENDANTS

16. On or about July 11, 2000, before the formation of PPI, Pinzur, together with Defendant Afshar and Scott Klansky ("Klansky"), formed a company known as Pro Performance Corporate Services ("Corporate Services"). Corporate Services, like PPI, engaged in the business of purchasing and reselling tickets and corporate hospitality packages. With Pinzur's permission, Corporate Services used Pinzur's "Pro Performance" and "Get Closer To The Action" marks, and the Pro Performance website.

17. Thereafter, effective June 24, 2001, Corporate Services merged with a company known as Hot Tixx. As a result of that merger, Defendant Vierling, as well as Michelle DeAngelis ("DeAngelis"), became associated with Corporate Services. At or prior to that time, Robert Kopito ("Kopito") became associated with Corporate Services as well.

18. Sometime during 2001, disputes arose between Pinzur, on the one hand, and Klansky, Vierling, Afshar, DeAngelis, and Kopito on the other hand, with respect to the operation of Corporate Services. On October 18, 2001, Pinzur, individually and on behalf of Corporate Services, served a lawsuit upon Klansky, Afshar, Kopito, and Corporate Services, made returnable to the Superior Court in Connecticut. Pinzur alleged that the individual defendants had breached their fiduciary duties to both Pinzur and Corporate Services, and sought a judicial dissolution of Corporate Services pursuant to Conn. Gen. Stat. § 33-896, *et seq.*, an accounting under both the common law and Conn. Gen. Stat. § 52-401, *et seq.*, and appointment of a Receiver pursuant to Conn. Gen. Stat. §§ 33-897(c) and 33-898 (the "Lawsuit").

19. The Lawsuit was not returned to Court. Pinzur, Klansky, Vierling, Afshar, Kopito and DeAngelis immediately entered into settlement negotiations and, in April 2002, in order to resolve the Lawsuit and other disputes, agreed to cease doing business as Corporate Services. Corporate Services was dissolved at or about that time, and Klansky, Defendant Vierling, Defendant Afshar, Kopito, and DeAngelis separated their interests from Pinzur and began operating a new ticket and corporate hospitality business under the name of Global Event Group, LLC, a limited liability company that had been formed seven (7) months earlier, on or about September 17, 2001.

20. Following the dissolution of Corporate Services, PPI and Global Event continued their independent business activities at the same address—1500 Summer Street, 2nd Floor, Stamford, CT 06905—albeit in partitioned space.

CPM/33029/5/755685v2
01/25/06-HRT/

21. On or about February 11, 2005, PPI moved its principal place of business to 1200 High Ridge Road, 2nd Floor, Stamford, CT 06905. In conjunction with that move, PPI issued a Notice to all contacts within its contact database, including actual and prospective customers, informing them that PPI had moved. PPI has continuously operated its business activities from this new address since that time.

## **DEFENDANTS' INFRINGEMENTS AND VIOLATIONS**

22. Global Event is and always has been a competitor of Pro Performance, engaged in the business of purchasing, packaging, and reselling tickets to concert, theatre, sporting and other entertainment events.

23. On or about December 18, 2005, Pinzur and clients of PPI received, via United States mail, a post card that, on information and belief, was mailed by Defendants to present and prospective customers of PPI and Global Event (the "Post Card"). The Post Card contained the following statements:

- "WHILE OUR NAME HAS CHANGED, OUR SERVICE HAS NEVER BEEN BETTER!";

- "GET CLOSER THAN EVER BEFORE!"; AND

- "PROUDLY SERVING YOU FOR OVER 10 YEARS."

24. The Post Card, and possibly other materials developed and distributed by Defendants, are intentionally and literally false, misleading and deceptive in one or more of the following ways:

- Global Event's name has not changed. The assertion that it has changed is intended to confuse, deceive and cause mistake by suggesting that (i) Global Event was formerly known as Corporate Services, and (ii) Defendants are successors to Corporate Services and the name "Pro Performance".

6

- The statement "GET CLOSER THAN EVER BEFORE" is designed to imitate or replicate PPI's trademark "Get Closer To The Action", to cause confusion between the two slogans, to cause mistake in the marketplace, to deceive and thereby to further Defendants' efforts to benefit from and capitalize upon the name recognition, goodwill, and reputation of Pinzur, PPI and the name "Pro Performance."

- Global Event has been in business for less than four (4) years. The assertion that it has been "PROUDLY SERVING YOU FOR OVER 10 YEARS" is intended to confuse, deceive and cause mistake by suggesting that Global Event is derived from, or is a "spin-off" of, Corporate Services and/or the name "Pro Performance".

25. The statements made by Global Event and the individual defendants as set forth in the Post Card are intentionally designed to make Global Event look like a successor to Corporate Services, to take advantage of the name, goodwill and reputation of PPI and the Pro Performance trademarks, and to deceive present and prospective customers of PPI for the benefit of the Defendants.

26. On or about January 10, 2006, PPI, by and through its counsel, directed letters to Vierling, Kopito, Afshar and DeAngelis at Global Event, demanding that they immediately cease and desist from making the foregoing false, misleading, and deceptive statements, and further demanding that they confirm, by the close of business on January 17, 2006, that Global Event had complied and would continue to comply with that demand. True and accurate copies of these letters are attached at **Exhibit A**.

27. By letter dated January 18, 2006, but faxed and received on January 19, 2006, counsel for Global Event and Global Event's "individual corporate members" directed a letter to counsel for PPI, with visible copies to Vierling and Afshar, responding unequivocally that Defendants would not cease or desist from making the statements made in the Post Card. A true and accurate copy of this letter is attached at **Exhibit B**.

7

28. As a result of the Defendants' false, misleading, and deceptive statements, and further as a result of their failure to cease making such statements, PPI and Pinzur have suffered, and will continue to suffer, severe and irreparable harm, for which they have no adequate remedy at law, including, but not limited to:

   a. Confusion in the marketplace generally concerning the origin of Global Event and its relation to the name Pro Performance;

   b. Confusion among Pro Performance's present and prospective clients concerning the origin of Global Event and its relation to the name Pro Performance;

   c. Loss of business and business opportunities; and

   d. Harm to, and dilution of, the reputation and goodwill that PPI and Pinzur have established relative to the name "Pro Performance" at great effort and expense over many years.

**FIRST COUNT (Lanham Act, 15 U.S.C. § 1125(a))**

1-28. Paragraphs 1 through 28 are incorporated by reference as paragraphs 1 through 28 of this First Count.

29. By their actions as aforedescribed, Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a).

30. As a result of Defendants conduct, PPI and Pinzur have suffered, and will continue to suffer, a loss of business, harm to their operations and profitability, damage to their reputation, and damage to their ability to procure further business.

**SECOND COUNT (Connecticut Unfair Trade Practices Act)**

1-28. Paragraphs 1 through 28 are incorporated by reference as paragraphs 1 through 28 of this Second Count.

CPM/33029/5/755685v2
01/25/06-HRT/

29. At all times relevant hereto, Defendants were persons as defined in Conn. Gen. Stat. § 42-110a(3).

30. At all times relevant hereto, Defendants were engaged in trade or commerce within the meaning of Conn. Gen. Stat. § 42-110a(4).

31. By their actions as aforedescribed, Defendants have committed unfair and deceptive acts or trade practices as defined in Conn. Gen. Stat. § 42-110b.

32. As a result of Defendants conduct, PPI and Pinzur have suffered, and will continue to suffer, a loss of business, harm to their operations and profitability, damage to their reputation, and damage to their ability to procure further business.

33. In accordance with Conn. Gen. Stat. § 42-110g(c), a copy of this Verified Complaint is being mailed to the Attorney General and the Commissioner of Consumer Protection for the State of Connecticut.

## THIRD COUNT (Interference with Contractual Relations and Business Expectancies Against All Defendants)

1-28. Paragraphs 1 through 28 are incorporated by reference as paragraphs 1 through 28 of this Third Count.

29. By their actions as aforedescribed, Defendants have intentionally and maliciously interfered, or attempted to interfere, with PPI and Pinzur's ongoing and/or prospective contractual relations, have sought to destroy PPI and Pinzur's business relationships with their present and prospective customers, and have damaged PPI and Pinzur's reputation and their ability to procure new business.

30. By their actions as aforedescribed, Defendants have intentionally and maliciously interfered, or attempted to interfere, with PPI and Pinzur's business expectancies and have sought to destroy those business expectancies for their own benefit.

31. Defendants, intentionally, purposefully, knowingly, and improperly engaged in the aforedescribed acts with the intent of damaging PPI and Pinzur's business and reputation, with the hope that their own business endeavors would benefit therefrom.

32. As a result of Defendant's actions as aforedescribed, PPI and Pinzur have suffered a loss of business, harm to their operations and profitability, damage to their reputation, and damage to their ability to procure further business.

WHEREFORE, PPI and Pinzur pray as follows:

1. Permanent and preliminary prohibitory injunctive relief:

    a. Directing that all Defendants, their agents, employees, and those acting in concert with them, immediately and forever cease and desist from, in any way, (i) publishing statements stating, suggesting, or otherwise indicating, that Global Event has changed its name; (ii) publishing statements stating, suggesting, or otherwise indicating that Global Event was in business before April 2002; or (iii) using any slogans such as "GET CLOSER THAN EVER BEFORE!" that violate PPI and Pinzur's trademarks and that have the effect of confusing PPI or the name "Pro Performance" with Global Event.

    b. Directing that all Defendants, their agents, employees, and those acting in concert with them, immediately and forever cease and desist from in any way, suggesting or representing that Global Event is a "spin-off" of Corporate Services, a successor to Corporate Services, or is in any way affiliated with Corporate Services and/or PPI;

2. Permanent and preliminary mandatory injunctive relief requiring Defendants, their agents, employees and those acting in concert with them, to issue to all recipients of the Post Card described above, a corrective statement that Global Event has not changed its name and has not been in business for over ten (10) years as falsely stated in the Post Card.

3. Recovery of Defendants' profits pursuant to 15 U.S.C. § 1117(a);

4. Recovery of actual damages pursuant to 15 U.S.C. § 1117(a);

5. Costs of this action pursuant to 15 U.S.C. § 1117(a);

6. Reasonable attorney fees pursuant to 15 U.S.C. § 1117(a);

7. Actual damages;

11

8.  Punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a);

9.  Costs and reasonable attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g(d);

10. Interest and costs; and

11. Such other and further relief as the court deems proper in law or equity.


PPI and Pinzur hereby demand a trial by jury of all claims so triable.


PLAINTIFFS:
PRO PERFORMANCE, INC. and
MARK PINZUR

By: _____
Thomas J. Rechen
Federal Bar No. ct03385
Pepe & Hazard LLP
Their Attorneys
Goodwin Square, 225 Asylum St.
Hartford, CT 06103
Tel. No. (860) 522-5175
Fax No. (860) 522-2796
trechen@pepehazard.com

CPM/33029/5/755685v2
01/25/06-HRT/

## **VERIFICATION**

I, Mark Pinzur, President of Pro Performance, Inc., acting on behalf of the same with respect to the matters described in this Verified Complaint and the accompanying Application for Preliminary Injunction, have personal knowledge of the matters stated in the Application for Preliminary Injunction, and have reviewed the records of Pro Performance, Inc., kept in the ordinary course of business, relevant to the matters which are the subject of this Application for Preliminary Injunction. I declare under penalty of perjury that the facts set forth in this Verified Complaint and Application for Preliminary Injunction are true and correct to the best of my information, knowledge and belief.

Dated at Stamford, Connecticut, this 25 day of January, 2006.

_____
Mark Pinzur

CPM/33029/5/755685v2
01/24/06-HRT/